UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FILED
JUN 10 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>ALFRED M. CHITTEDEN and<br>JULIA H. CHITTENDEN | Case No. 04-33611-C-7<br>DC No. JMS-1<br>DC NO. MBB-1 |
| In re<br>JONATHAN R. MCLAREN and<br>CYNTHIA M. MCLAREN | Case No. 04-33609-C-7<br>DC No. PDM-1 |
| In re<br>DAVID B. PETERSEN and<br>VICKI G. PETERSEN | Case No. 04-34629-C-7<br>DC No. PDM-1 |
| In re<br>CLARE F. PRICE | Case No. 05-20025-C-7<br>DC No. JMS-1<br>DC No. RSS-1 |
| In re<br>WILLIAM P. CAMPBELL and<br>MARGENE T. CAMPBELL | Case No. 05-20678-C-7<br>MC No. PDM-1 |
| In re<br>DAVID T. LLOYD and<br>DIANE M. LLOYD | Case No. 05-21288-C-7<br>DC No. PPR-60 |
| In re<br>GLENDA BIANCO | Case No. 05-21924-C-7<br>DC No. MBB-1 |
| In re<br>MONTE LEE BEACH, II and<br>MAUREEN A. BEACH | Case No. 05-22372-C-7<br>MC No. JMS-1 |
| In re<br>WILLIAM J. LONG | Case No. 05-20584-C-7<br>DC No. PDM-1 |
| In re<br>JOHN E. MARK and<br>SHARON R. MARK | Case No. 05-21097-C-7<br>DC No. LJB-1 |
| In re<br>JOHN R. FRESK and<br>MIRIAM K. FRESK,<br>          DEBTOR(S). | Case No. 05-22037-C-7<br>DC No. MBB-1 |

**MEMORANDUM DECISION ON REQUESTS FOR ATTORNEYS' FEES AND COSTS**



These consolidated motions for relief from automatic stay, which have been the subject of several oral proceedings before this court, present a common pattern that may add up to a below-the-radar abuse of the bankruptcy system.

In each instance, an oversecured mortgage creditor has filed a stay relief motion in a chapter 7 case to be heard within a short period before the stay would otherwise expire as a matter of law (and in some instances after the stay expired in part) and has asked the court to determine appropriate fees to be charged pursuant to the terms of the contract. Hence, the motions are of dubious necessity.

These unnecessary motions have been criticized as a form of churning that has the primary effect of increasing the amount of the debt by the $750 - $1500 that the creditor would add to the debt, and take from a debtor's equity, under the terms of its underlying contract without materially enhancing the creditor's latitude.

The basic problem stems from the following provisions of the Bankruptcy Code. First, the automatic stay expires with respect to the interests of an individual chapter 7 debtor when the debtor receives a discharge. 11 U.S.C. § 362(c)(2)(C). Second, to the extent that the trustee has an interest in the debtor's exempt property (ordinarily because it might have realizable value in excess of the exemption), the automatic stay expires as a matter of law when the residence is no longer property of the estate. 11 U.S.C. § 362(c)(1). In the garden-variety chapter 7 case, the debtor's residence ceases to be

property of the estate when the case is closed, in light of the provisions that property not otherwise administered at the time of closing is abandoned to the debtor at closing.  11 U.S.C. § 554(c).

The median chapter 7 case in the United States is closed in fewer than 120 days after it was filed, according to statistics published by the Administrative Office of the United States Courts for calendar year 2004.  In the Eastern District of California, the median time for closing a chapter 7 case during 2004 according to those same statistics was 103 days.

Unless there are assets to administer or pending adversary proceedings or pending motions for relief from stay, there is little reason why a chapter 7 case would remain open longer than the median time.

The consequence of all this is that a creditor on a residential home mortgage of an individual debtor will cease to be effected by the automatic stay in the typical case, in approximately 103 days after the case if filed in the Eastern District of California and 120 days nationally.

Further, if the trustee files a "no asset report" after the meeting of creditors, then the case is likely to be closed expeditiously.  Adversary proceedings are filed in fewer than 5 percent of all chapter 7 cases in this district.

The salient common characteristics of these motions is that the debtor, in each instance, has equity in the property. In other words, the value of the property exceeds the amount of the debt but is less than an amount large enough to attract the interest of the trustee in selling the residence so as to

realize value for the estate.

The economic consequence of the motion is that the creditors, who contend that they are entitled to have their fees and expenses reimbursed pursuant to the terms of the contract, concede that they will add $750 to $1500 to the amount of the debt that must be paid by the debtors. Thus, to the extent that a debtor may be in default on a home mortgage, the amount later required to cure it is being inflated by the expenses of the motion.

In addition to the attorney's fee expense, each of these motions was subject to a filing fee in the amount of $150. 28 U.S.C. § 1930, Bankruptcy Court Miscellaneous Fee Schedule, #20.

In most of these instances, the movant did not, before filing the motion, contact the trustee to see if the trustee would stipulate to relief from stay. The significance of this is that no filing fee is required for a stipulation for court approval of an agreement for relief from stay. Id.

It follows that, when a creditor files a motion for relief from stay against the debtor who has exempt equity in their residence, which motion is to be heard at or near the time the debtor receives a discharge, the motion is likely to be mooted as to the debtor because of the expiration of the stay soon after the motion could be heard in the first place. Moreover, by not contacting the trustee in search of a stipulation, the creditor automatically inflicts a $150 filing fee on the debtor.

While some of the creditors argued in the several oral

hearings on these consolidated motions that trustees will not stipulate for relief from stay, it is apparent to this court (and as confirmed by concessions by other parties during the hearings) that chapter 7 trustees in this district commonly do stipulate to relief from stay. The problem is that the creditors rarely bother to ask.

It follows that these motions for relief from stay, even though permitted by law, should not have been necessary. They serve little useful purpose, clog a court's calendar, and increase a debtor's burden of secured debt. Hence, no attorney's fees are reasonable nor should costs be awarded or permitted to be reimbursed under the terms in the contract.

The law in the Ninth Circuit is that attorney's fees for relief from stay litigation are not available under the terms of the Bankruptcy Code. <u>Johnson v. Righetti (In re Johnson)</u>, 756 F.2d 738, 741 (9th Cir. 1985).

The <u>Johnson v. Righetti</u> decision has also been understood to mean that the expenses of a motion for relief from stay do not constitute an "action on the contract" that is subject to the terms of California Civil Code § 1717, which provides, in relevant part:

> Where a contract provides for attorney's fees, . . . , that provision shall be constructed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract.
>
> Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.

Cal. Civ. Code § 1717.

Thus, debtors as prevailing parties have been prevented

from seeking to exploit the terms of § 1717. See, e.g., Hassen Imports Partnership v. KWP Financial VI (In re Hassen Imports Partnership), 256 B.R. 916, 921-23 (9th Cir. BAP 2000).

The twist in this case is that in each instance the court was asked <u>by the movant</u> in the motion to determine fees. Since the only possible basis for the court awarding fees would be under applicable nonbankruptcy law, i.e., the contract subject to § 1717, it appears that by invoking § 1717 the creditors have, in effect, waived their right to resist an award in favor of a debtor under § 1717 and have conceded that they are proceeding as if the motion for relief from stay is an action on the contract.

This view is supported by the concession by all of the creditors during the several oral hearings in these consolidated motions that the creditors systematically add expenses under the terms of the contract, which are subject to § 1717, regardless of whether the court makes an award.

Paradoxically, this amounts to the creditors systematically conceding that <u>Johnson v. Righetti</u> was decided on the false premise that creditors were not routinely adding fees and expenses of automatic stay litigation to the debt pursuant to the terms of the contract. The numerous creditors involved in this litigation have demonstrated the fallacy in <u>Johnson v. Righetti</u>.

Even though the creditors have contended that they are only animated by the purest of motives, one cannot help but note that by filing a motion for relief from stay where the debtor has exempt equity in a residence and a comparatively

- 6 -

minor default (as is the case in most of these motions) the economic consequence is that the creditors appropriate to themselves (and their counsel) a bankruptcy tax to be paid by the debtors from their exemption that supposedly is being protected by the bankruptcy.

Thus, viewed from a macro level, the practice identified in these motions raises difficult questions that suggest an abusive practice.

For the foregoing reasons, each of the motions for a determination of fees and costs will be denied, and it is specifically determined that the reasonable fees and expenses in connection with this motion are zero within the meaning of § 1717, which the movants have asked this court to apply by virtue of their request for fees and expenses. Similarly, all costs are denied because the motions were unnecessary. In addition, as a separate, independent reason to deny costs for filing of the motions, the creditors did not ask the trustee to stipulate for relief from the stay such that the $150 filing fee would not be required to have been paid in the first place.

Appropriate orders will issue.

Dated: June 10, 2005.

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

    On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Jonathan and Cynthia McLaren
859 Washington Street, #128
Red Bluff, CA 96080

Nancy Benson
857 Jefferson Street, #D
Red Bluff, CA 96080

John W. Reger
P.O. Box 933
Palo Cedro, CA 96073

ABN AMRO Mortgage Group, Inc
c/o Pite Duncan & Melmet, LLP
1820 E. First Street, Suite 420
Santa Ana, CA 92705

Julia and Alfred Chittenden
23135 Kitty Street
Red Bluff, CA 96080

Nancy Benson
857 Jefferson Street #D
Red Bluff, CA 96080

John W. Reger
P.O. Box 933
Palo Cedro, CA 96073

Mortgage Electronic Registration Systems, Inc.
c/o Alvarado, Shapiro & Wilson, LLP
4 Park Plaza, Suite 1230
Irvine, CA 92614

Homecomings Financial Network, Inc
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626

David and Vicki Petersen
31700 Transformer Road
Malin, OR 97632

Prem Dhawan
P.O. Box 965

| | |
|---|---|
| 1 | Benecia, CA 94510 |
| 2 | Gregory Hughes |
| | 3017 Douglas Blvd. #300 |
| 3 | Roseville, CA 95661 |
| 4 | Whidbey Island Bank |
| | c/o Pite Duncan & Melmet, LLP |
| 5 | 1820 E. First Street, Suite 420 |
| | Santa Ana, CA 92705 |
| 6 | |
| | Clare Price |
| 7 | 4751 Trotter Lane |
| | Shingle Springs, CA 95682 |
| 8 | |
| | Denise Olrich |
| 9 | 809 Petaluma Boulevard N |
| | Petaluma, CA 94952 |
| 10 | |
| | Thomas Aceituno |
| 11 | P.O. Box 189 |
| | Folsom, CA 95763-189 |
| 12 | |
| | Mortgage Electronic Registration Systems, Inc. |
| 13 | c/o Alvarado, Shapiro & Wilson LLP |
| | 4 Park Place, Suite 1230 |
| 14 | Irvine, CA 92614 |
| 15 | The CIT Group/Consumer Finance, Inc. |
| | C/o Law Office of Richard Stone |
| 16 | 2250 Commerce Avenue, Suite D |
| | Concord, CA 94520 |
| 17 | |
| | William and Margene Campbell |
| 18 | 9944 Villa Granito Lane |
| | Granite Bay, CA 95746 |
| 19 | |
| | Gary Fraley |
| 20 | 2862 Arden Way #205 |
| | Sacramento, CA 95825 |
| 21 | |
| | Frederick Lucksinger |
| 22 | P.O. Box 2460 |
| | Rocklin, CA 95677 |
| 23 | |
| | Wells Fargo Bank, N.A. |
| 24 | c/o Pite Duncan & Melmet, LLP |
| | 525 E. Main Street |
| 25 | P.O. Box 12289 |
| | El Cajon, CA 92022-2289 |
| 26 | |
| | David Lloyd |
| 27 | 1945 Sloat Way |
| | Sacramento, CA 95818 |
| 28 | |

```
 1   Michael O'Neal
     1565 River Park Drive #A
 2   Sacramento, CA 95815

 3   Hank Spacone
     P.O. Box 255808
 4   Sacramento, CA 95865-5808

 5   Impac Funding Corporation
     c/o Polk Prober & Raphael
 6   P.O. Box 4365
     Woodland Hills, CA 91365-4365
 7
     Glenda Bianco
 8   19816 1st Street
     Cottonwood, CA 96022
 9
     Darryll Alvey
10   1907 Park Marina Drive
     Redding, CA 96001
11
     ABN Mortgage Group, Inc
12   c/o Miles, Bauer, Bergstrom & Winters, LLP
     1665 Scenic Avenue, Suite 200
13   Costa Mesa, CA 92626

14   Monte Beach
     P.O. Box 16677
15   South Lake Tahoe, CA 96151

16   Maureen Beach
     P.O. Box 16677
17   South Lake Tahoe, CA 96151

18   Gary Fraley
     2862 Arden Way #205
19   Sacramento, CA 95825

20   Michael Burkart
     5150 Fair Oaks Blvd. #101-185
21   Carmichael, CA 95608

22   Chase Home Finance, LLC
     c/o Alvarado, Shapiro & Wilson, LLP
23   4 Park Plaza, Suite 1230
     Irvine, CA 92614
24
     William Long
25   14845 Lago Drive
     Rancho Murieta, CA 95683
26
     Stephen A. Koonce
27   791 University Avenue
     Sacramento, CA 95825-6708
28
```

| | |
|---|---|
| 1 | Hank Spacone |
|   | P.O. Box 255808 |
| 2 | Sacramento, CA 95865-5808 |
| 3 | Mortgage Electronic Registration Systems, Inc. |
|   | C/o Pite Duncan & Melmet, LLP |
| 4 | 525 E. Main Street |
|   | P.O. Box 12289 |
| 5 | El Cajon, CA 92022-2289 |
| 6 | John and Sharon Mark |
|   | 3234 Williston Way |
| 7 | El Dorado Hills, CA 95762 |
| 8 | Gary Fraley |
|   | 2862 Arden Way #205 |
| 9 | Sacramento, CA 95825 |
| 10 | Michael Burkart |
|    | 5150 Fair Oaks #101-185 |
| 11 | Carmichael, CA 95608 |
| 12 | Amercia's Servicing Company dba Mortgage Electronic |
|    | Registration Systems, Inc |
| 13 | c/o The Buckley Firm |
|    | 26522 La Alameda, Suite 200 |
| 14 | Mission Viejo, CA 92691 |
| 15 | John and Miriam Fresk |
|    | 250 MC ADOO Drive #1021 |
| 16 | Folsom, CA 95630 |
| 17 | Linda Patrick |
|    | 1540 Jefferson Boulevard |
| 18 | West Sacramento, CA 95691 |
| 19 | Michael Burkart |
|    | 5150 Fair Oaks Boulevard #101-185 |
| 20 | Carmichael, CA 95608 |
| 21 | WM Specialty Mortgage, LLC |
|    | c/o Miles, Bauer, Bergstrom & Winters, LLP |
| 22 | 1665 Scenic Avenue, Suite 200 |
|    | Costa Mesa, CA 92626 |
| 23 | |
| 24 | Office of the United States Trustee |
|    | United States Courthouse |
|    | 501 I St., Suite 7-500 |
| 25 | Sacramento, CA 95814 |
| 26 | Dated: 6/13/05 |
| 27 | |
| 28 | _____ |
|    | Deputy Clerk |
|    | BARBARA REYNOLDS |